**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EVANSTON INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv310-WHA |
| | ) | (wo) |
| NORTH LAKE CONDO CLUB, LLC; | ) | |
| PETRY CONSTRUCTION, INC.; DANIEL | ) | |
| PETRY; JIM ESTES; JEFF GLEASON; JEFF | ) | |
| KENNEDY; TIM MCNAIR; GARY | ) | |
| PARISHER, & NORTH LAKE CONDO | ) | |
| CLUB ASSOCIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by the Plaintiff,

Evanston Insurance Company, on October 12, 2009 (Doc. #22).

The Plaintiff filed a Complaint in this case seeking a declaratory judgment that it does

not owe a duty to defend or indemnify Defendants North Lake Condo Club, LLC; Petry

Construction, Inc.; and Daniel Petry in a lawsuit filed against them by Jim Estes, Jeff Gleason,

Jeff Kennedy, Tim McNair, and Gary Parisher, or other alternative declaratory relief.   The

Plaintiff has moved for summary judgment on its requested declaratory relief.

For the reasons to be discussed, the Motion for Summary Judgment is due to be

GRANTED.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movants:

Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, and Gary Parisher filed a civil case in the Circuit Court of Tallapoosa County, Alabama bringing claims of mismanagement, oppression, fraud, breach of fiduciary duty, and negligent construction against North Lake Condo Club, LLC; Petry Construction, Inc.; and Daniel Petry.  The state court case arises from the construction of the North Lake Condo Club, which is located on Lake Martin.

The instant case is brought by the insurer, Evanston Insurance Company ("Evanston"), for a declaration that it does not owe a duty to defend or indemnify North Lake Condo Club, LLC; Petry Construction, Inc.; and Daniel Petry in the civil action pending in Tallapoosa County, Alabama, or other alternative declaratory relief.  Evanston points to coverage provisions as well as exclusions in the Commercial Lines Policy, Policy No. 05GLP1007053, issued by Evanston Insurance Co. to North Lake Condo Club, LLC and Petry Construction, Inc.

## IV. DISCUSSION

Evanston has moved for summary judgment, seeking a declaratory judgment that under the terms of the insurance policy at issue, it has no duty to defend or indemnify North Lake Condo Club, LLC; Petry Construction, Inc.; and Daniel Petry for claims brought against them in the Circuit Court of Tallapoosa County, Alabama by  Jim Estes, Jeff Gleason, Jeff Kennedy,

Tim McNair, and Gary Parisher.  In support of this motion, Evanston attaches the Commercial

Lines Policy it issued to North Lake Condo Club, LLC and Petry Construction, Inc. and the

complaint in the underlying lawsuit.

On October 20, 2009, the court ordered that the Defendants in this case show cause on or

before November 10, 2009 why the motion for summary judgment ought not be granted.  Only

Defendants Gary Parisher, Jim Estes, Jeff Gleason, Jeff Kennedy, and Tim McNair filed a

response.  No response to the motion for summary judgment has been filed by North Lake

Condo Club, LLC; Petry Construction, Inc.; or Daniel Petry as of the date of this Memorandum

Opinion and Order.

A district court cannot base the entry of summary judgment on the mere fact that the

motion was unopposed, but, rather, must consider the merits of the motion.  *U.S. v. One Piece of

Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir.

2004).  The district court need not *sua sponte* review all of the evidentiary materials on file at the

time the motion is granted, but must ensure that the motion itself is supported by evidentiary

materials and must review all of the evidentiary materials submitted in support of the motion for

summary judgment.  *Id.* at 1101-02.  Accordingly, the court has reviewed the evidentiary

materials presented by Evanston in accordance with Rule 56 of the Federal Rules of Civil

Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

In the instant case, Evanston met this burden.  Evanston moved for summary judgment on ground that it has no duty to defend or indemnify the underlying claims of mismanagement, oppression, fraud and breach of fiduciary duty because those claims do not allege occurrences or accidents within the terms of the policy at issue.  Evanston also pointed to the economic damages alleged and states that only damage to tangible property is covered under the policy. In addition to claims arising from what it has identified as allegations of intentional conduct, Evanston moved for summary judgment as to the duty to defend and indemnify the negligent construction claim alleged in the underlying complaint.  Evanston pointed to the terms of the policy and states that construction defects are specifically excluded by various exclusions under the terms of the policy.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. Pro. 56(e).

By failing to file any response to the Motion for Summary Judgment, North Lake Condo

Club, LLC; Petry Construction, Inc.; and Daniel Petry have failed to meet their burden under Rule 56.  Further, the court has reviewed the evidentiary materials submitted by Evanston and finds no question of fact as to any material issue raised by Evanston as a ground for summary judgment.  Summary judgment is, therefore, due to be GRANTED to Evanston and against North Lake Condo Club, LLC; Petry Construction, Inc.; and Daniel Petry.

The other Defendants in this case, Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, and Gary Parisher, filed a timely response to the motion for summary judgment.  These Defendants' only argument in the response was that a determination of the duty to indemnify would be premature because there has been no judgment in the underlying lawsuit.  These Defendants also asserted, in the conclusion section of their three page response, that there are questions of fact regarding the availability of coverage in the underlying action.  These Defendants, however, did not identify any facts to support their conclusory assertion that there are questions of fact, or respond to the interpretation of the policy provisions advanced, and supported with citations to the policy, by Evanston.

The court having identified no issues of fact in the evidence cited by Evanston, and Defendants Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, and Gary Parisher having failed to point the court to any evidence which would create genuine issues of fact, or to dispute in any way the interpretation of the policy advanced by Evanston, Evanston is entitled to summary judgment against these Defendants on the issue of the duty to defend.  In addition, the court also finds the prematurity argument with respect to the duty to indemnify, a duty which is governed by the same policy provisions, to be unavailing in this case, and that summary judgment is due to be GRANTED as to both the duty to defend and indemnify.

# V. **CONCLUSION**

As stated previously, the court has identified no issues of fact in the evidence cited by Evanston, and the Defendants all have failed to point the court to any evidence to create an issue of fact, or to advance any policy interpretation which would require Evanston to defend the state court suit or to indemnify the Defendants in that suit in the event of a judgment against them, and thereby preclude summary judgment.  Accordingly, it is hereby ORDERED as follows:

1.   The Motion for Summary Judgment (Doc. #22) is GRANTED.

2.   It is DECLARED that the Commercial Lines Policy, Policy No. 05GLP1007053 issued by Evanston Insurance Co. to Northlake Condo Club, LLC and Petry Construction, Inc. does not impose on Evanston Insurance Co. any duty to defend or indemnify Northlake Condo Club, LLC and Petry Construction, Inc. or Daniel Petry in the case of *Jim Estes, et al. v. Daniel F. Petry, etc. et al.*, CV-07-129, pending in the Circuit Court for Tallapoosa County, Alabama.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 20th day of November, 2009.

 /s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE